COMMONWEALTH OF KENTUCKY
BELL CIRCUIT COURT
44TH JUDICIAL CIRCUIT
CIVIL ACTION NO. 18-CI-00102

filed 03/19/2018

JERRY EVANS                PLAINTIFF

v.         **VERIFIED COMPLAINT**

PINEVILLE COMMUNITY HOSPITAL ASSOCIATION, INC.    DEFENDANT

\*\*\* \*\*\* \*\*\*

The Plaintiff, Jerry Evans, by counsel, for her Complaint states and alleges as follows:

**PARTIES & JURISDICITON**

1. The Plaintiff, Jerry Evans (hereafter "Mrs. Evans"), is currently and was at all times relevant hereto a resident of 103 Kim Lane, Middlesboro, Bell County, Kentucky, 40965.

2. The Defendant, Pineville Community Hospital Association, Inc. (hereafter "PCH"), is a Kentucky Corporation organized and existing under the laws of the Commonwealth and whose registered agent for service of process is Gordon Lawson, 850 Riverview Avenue Pineville, Kentucky 40977.

3. Jurisdiction and venue is proper in Bell County as said County is where the contract was entered into and where the acts complained of herein occurred.

EXHIBIT A

Furthermore, the amount in controversy exceeds the minimum jurisdictional limits of this Court.

## FACTS

4. The Plaintiff, Mrs. Evans, has been an employee of PCH since 1978 and currently works as a CNA.

5. As an employee of PCH, Mrs. Evans has health insurance premiums deducted from her wages by PCH in an approximate amount of $129.12 per bi-weekly paycheck.

6. After having deducted said payments for health insurance premiums, PCH failed to render payment to Anthem BC/BS to fund Mrs. Evans's health insurance plan.

7. On July 26, 2017, Mrs. Evans underwent knee surgery at Parkwest Medical Center in Knoxville, Tennessee.

8. In the weeks following her surgery, Mrs. Evans became aware that Anthem BC/BS had denied payment of medical bills to all healthcare providers that had rendered services during the course of her knee surgery.

9. Thereafter, Mrs. Evans received an August 27, 2017 correspondence from Anthem BC/BS notifying her, for the first time, that her health insurance coverage had been terminated as of May 31, 2017, due to PCH's non-payment.

10. As of September 10, 2017, PCH had deducted $2,453.28 from Mrs. Evans's wages to fund her Anthem BC/BS health insurance plan.

11. To date, all healthcare providers who rendered services for Mrs. Evans's knee surgery remain unpaid, and some of the billing has gone to collections.

12. Mrs. Evans, individually, as well as the undersigned counsel, have made multiple inquiries to the administration of PCH regarding payment of Mrs.

Evans's medical billing, to no avail.

## COUNT I

### (Breach of Implied Contract, Covenant of Good Faith & Fair Dealing)

13. Evans reiterates and incorporates paragraphs 1-12 as if fully set forth herein.

14. That as set forth above, PCH breached the Parties' contract by failing to pay Anthem after having deducted health insurance premiums from Mrs. Evans's wages.

15. That PCH, by its actions, has breached its implied covenant of good faith and fair dealing.

16. That PCH has violated its common law duty of good faith by its treatment of Evans's claim and has breached its covenants of good faith and fair dealing, rendering PCH liable in contract and in tort for all damages flowing from said breach.

## COUNT II

### (Trespass to Chattel)

17. Evans reiterates and incorporates paragraphs 1-16 as if fully set forth herein.

18. That in failing to pay Evans's health insurance premiums, PCH has intentionally and/or recklessly intermeddled with the personal property of Evans.

19. Evans is entitled to recover punitive damages in that PCH has acted towards her with reckless disregard, fraud, and oppression.

20. Evans is entitled to punitive damages in an amount in excess of

the jurisdictional limits of this Court as determined by this Court or by a jury.

## COUNT III

### (Conversion)

21. Plaintiff reiterates and incorporates paragraphs 1-20 as if fully set forth herein.

22. That by failing to pay Evans's health insurance premiums, PCH has intentionally exercised dominion and/or control over property of Evans thereby causing Evans to suffer damage.

23. Evans is entitled to recover punitive damages in that PCH has acted towards her with reckless disregard, gross negligence, fraud, and oppression.

24. Evans is entitled to punitive damages in an amount in excess of the jurisdictional limits of this Court as determined by this Court or by a jury.

## COUNT IV

### (Quantum Meruit/Unjust Enrichment)

25. Plaintiff reiterates and incorporates paragraphs 1-24 as if fully set forth herein.

26. That by deducting Mrs. Evans's health insurance premiums from her wages and failing to remit payment to Anthem BC/BS, PCH has unjustly enriched itself at the expense of Mrs. Evans.

27. Mrs. Evans labored for PCH with the reasonable expectation that her health insurance premiums would be paid.

28. Mrs. Evans is entitled to recover compensatory damages from PCH for its unjust enrichment.

**WHEREFORE,** Plaintiff demands as follows:

1. Judgment pursuant to the Complaint in an amount the jury would find reasonable from the evidence and in excess of the jurisdictional limits of this Court;

2. Compensatory damages;

3. Punitive damages;

4. For trial by jury;

5. For costs and attorney's fees;

6. For all other relief to which the Plaintiff may be entitled.

**VERIFICATION**

I, JERRY EVANS, have read the statements in the foregoing Verified Complaint and verify that the statements are true and correct to the best of my knowledge and information.

_____
JERRY EVANS

COMMONWEALTH OF KENTUCKY
COUNTY OF BELL

SUBSCRIBED AND SWORN TO before me by JERRY EVANS this the 13th day of March, 2018.

_____
NOTARY PUBLIC, State at Large

My Commission Expires: 05/01/2018

CANDACE SAMS
Notary Public-State at Large
KENTUCKY - Notary ID # 510392
My Commission Expires May 01, 2018

Respectfully submitted,

_____
BLAKE S. BOWLING

**Bowling Law Office, PLLC**
P.O. Box 130
Middlesboro, Ky 40965
(T) 606-248-8383
(F) 606-248-8388
(E) bowlinglawoffice@gmail.com